NEW YORK COUNTY.— HON. D. C. CALVIN, SURROGATE.—
October, 1877.

MATTER OF HUNTER.

*In the matter of the estate of* JACOB HUNTER, *deceased.*

A general devise to executors to sell and distribute, in a specified way, the proceeds of real estate, does not convert it into personalty, so as to make them accountable for such as has not been sold, as personalty, upon their final accounting; and if a sale is not made within a proper time, the remedy is by application to the court to compel it.

UPON an accounting by executors, it appeared that the will, after specific bequests, gave, devised, and bequeathed to the executors the residue of the testator's estate, real and personal, in trust, to sell and dispose of the same at public or private sale, in their discretion, and, in the meantime, to receive the rents and profits, and, with the proceeds, to pay certain bequests set forth. The executors held certain real estate under the residuary clause of the will, which had not been sold, but the rents of which had been collected and accounted for, and disbursements by way of assessments and taxes, were charged to the estate in said account.

E. T. WOOD, *for William H. Hunter, a legatee.*

ALBERT MATHEWS, *for the executor.*

THE SURROGATE. — The question submitted for consideration is whether the executors are accountable for the real estate, upon the principle that there is an equitable conversion of it to personalty by the terms of the will, and whether the final accounting can be made without the sale, by the executors, of the real estate.

The original proceedings were instituted by William Henry Hunter, one of the residuary legatees, for the purpose of enforcing the payment of a legacy to him as one of the residuary legatees, and thereupon the proceedings for a final accounting were initiated by the executors.

On the argument, counsel for the petitioner urged that the inventory by the executors did not include the value of the real estate, and he seemed to suppose that, under the authority of Stagg v. Jackson (1 N. Y., 206), the real estate should have been thus inventoried, and the executors required to account in respect to its value; but in that case it was only held that the will amounted to an equitable conversion, and that the executors could be compelled to account before the Surrogate, not only for the personal estate bequeathed to him, but also for the rents and profits of the real estate, and for the proceeds of such real estate as he had sold, pursuant to the directions in the will; and he cites, also, § 75 of the 3 R. S., 6 ed., p. 120 (2 R. S., 109, § 57), which provides that where, by will, real estate shall be ordered to be sold for payment of debts or legacies, the Surrogate may cite the executors to account for the proceeds, as if they had been originally personal property, &c.

But I am of the opinion that the learned counsel mistakes the force of the statute and decisions, if he supposes that the executors may be required to account for the real estate unsold, as personal assets. If a sale had been made, there is no doubt of the liability of the executors to account.

If, however, a sale shall not be made within such period as seems just and proper, then the proper remedy would seem to be to apply to this court to compel such a sale. I am of the opinion that, under the will in question, the direction to sell is general and mandatory, and that the discretion referred to applies to the question whether they shall sell at public or private sale; but I am equally clear in the opinion that, in the final accounting by the executors, no decree thereon shall be made until such real estate shall be sold, and its proceeds accounted for. The facts are not sufficiently before me to enable me to determine whether a sale ought to be ordered or not, and I must therefore leave that question to such action as the legatee may be advised to take.

Ordered accordingly.